UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 1:20CR28 |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| GREGORY ALLEN EDNEY | ) | |
| _____ | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the Plea Agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the Plea Agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

*Background*

1.    At all times relevant to this case, including, in particular, the years 2013 through 2018, GREGORY ALLEN EDNEY, a resident of Henderson County, North Carolina, worked as a real estate developer, with projects in North Carolina, South Carolina, Tennessee, Georgia, and Alabama.

2.    EDNEY would locate undeveloped or underdeveloped properties, such as defunct businesses or empty plots of land, and attempt to develop them into viable properties for retail business chains, such as restaurants and automobile parts stores.

3.    On some occasions, EDNEY would identify a suitable property for investment, present the potential project to investors and/or tenants, and manage the development of the project, including finding tenants, securing leases, managing the budget and construction of the project, securing permits, and marketing the project for sale.

4.     On other occasions, potential tenants would contact EDNEY about finding potential sites in specific markets of interest. EDNEY would then find an appropriate location and manage the project to completion for the potential tenant and investors. When everything went according to plan, the revenue from any such sale would be sufficient to provide the original investors with a return on their investment, as well as compensation to EDNEY for his services.

5.     Even where EDNEY was not able to offload the property or the lease, however, EDNEY and his investors would still have an opportunity to earn income through the new tenants' payment of rents.

### Additional Tax Due and Owing

6.     For the years 2013 through 2018, EDNEY's business activities, as described above, generated substantial income. Internal Revenue Service ("IRS") Forms 1099 and Schedules K-1 issued to EDNEY by his investors and others during those years establish that EDNEY earned at least the following amounts:

| Year | Income |
| --- | --- |
| 2013 | $121,150.00 |
| 2014 | $266,363.00 |
| 2015 | $173,500.00 |
| 2016 | $476,108.00 |
| 2017 | $491,412.00 |
| 2018 | $74,468.00 |
| Total | $1,603,001.00 |

7.     Nonetheless, EDNEY did not file a U.S. Individual Income Tax Return for any of the years 2013 through 2018.

8.     The IRS issued notices of additional tax due and owing to EDNEY, at his last known address, on multiple occasions during the years 2013 through 2018. For example:

    a.  On or about November 7, 2016, the IRS issued a notice to EDNEY directing him to file his belated 2014 U.S. Individual Income Tax Return, and alerting EDNEY that he would owe approximately $120,580.00 in taxes, penalties, and interest for the tax year 2014.

    b.  On or about June 19, 2017, the IRS issued a notice of deficiency to EDNEY confirming that, in light of his non-response to the November 7, 2016, letter, the IRS had assessed approximately $120,580.00 in U.S. Individual Income Taxes for the tax year 2014.

9. Still, EDNEY did not respond to any correspondence from the IRS or pay federal taxes for any tax year 2013 through 2018.

10. Using the income information described above, the IRS has determined that EDNEY owes approximately **$543,375.00** in U.S. Individual Income Taxes, total, for the years 2013 through 2018.

*Attempts to Evade Payments and Assessments*

11. During the years 2013 through 2018, EDNEY regularly conducted his business and his personal affairs in cash. EDNEY regularly withdrew cash from bank accounts under his control, including bank accounts to which his investors had wired funds, in amounts ranging from a few hundred dollars to several thousand dollars.

12. EDNEY also wrote checks to cash on a regular and recurring basis, both from his personal bank accounts and from bank accounts to which his investors had wired funds. For example, between February and December of 2016, EDNEY wrote 29 checks from one HomeTrust Bank account to "cash," in an aggregate amount of approximately $56,850.00. EDNEY maintained no records detailing the purpose of these expenditures.

13. EDNEY regularly commingled funds for business and personal uses, including by depositing funds intended for business projects into his personal accounts and frequently transferring funds between numerous accounts within his control.

14. Finally, throughout the years 2013 through 2018, EDNEY maintained very few records of his business and personal expenses.

15. Through all of the foregoing behavior, EDNEY impeded the IRS, as well as the North Carolina Department of Revenue ("NCDOR"), in reconstructing EDNEY's income and expenses for the purposes of assessing new taxes against him, and impeded the IRS and NCDOR from garnishing any accounts for the purposes of collecting past taxes already assessed against him.

16. On or about April 10, 2019, agents from the IRS interviewed EDNEY about the foregoing at his home in Henderson County, North Carolina. EDNEY acknowledged that he was a non-filer, but he told the agents that he had failed to file any U.S. Individual Income Tax Returns for the years 2013 through 2018 because he did not make enough money to file a return.

17. EDNEY in fact knew that he made enough money to trigger the filing requirement throughout the years 2013 through 2018. The "exemption amount" varies from year to year, but it was never higher than approximately $13,600 for single filers during the period in question. EDNEY's income was over that threshold in each of the relevant years, as set forth above.

3

18. Furthermore, EDNEY knew that his income was substantial, and that it was in excess of the "exemption amount."

      a. For example, in an automobile-finance credit application completed on or about March 5, 2016, EDNEY declared an annual income of $250,000.

19. EDNEY made his false statement to the IRS agents with an intent to continue to evade the assessment and payment of his U.S. Individual Income Taxes.

*Conclusion*

20. EDNEY admits that all of the facts set forth herein are true, and therefore admits to being guilty of the offense charged in Count One of the Bill of Information. Specifically, EDNEY admits that, from in or about April 2013, through in or about April 2019, in Henderson County, within the Western District of North Carolina, and elsewhere, EDNEY willfully attempted to evade and defeat the assessment and payment of U.S. Individual Income Tax due and owing by him to the United States of America, for the calendar years 2013, 2014, 2015, 2016, 2017, and 2018, in violation of 26 U.S.C. § 7201.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____

DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

      I have read this Factual Basis, the Bill of Information, and the Plea Agreement in this case, and have discussed them with the Defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the Plea Agreement. I hereby certify that the Defendant does not dispute this Factual Basis.

_____    DATED: 2/24/20

Kearns Davis, Attorney for Defendant

_____    DATED: 2-19-20

Edwin L. West III, Attorney for Defendant

4